## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PAMELA O. CLARK, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 11-1337**

**FELCOR LODGING TRUST, INC., ET AL.**                    **SECTION "K"(1)**

## ORDER AND REASONS

Before the Court are three motions:

1)      Petitioners' Motion for Leave of Court to File First Supplemental and Amended
        Complaint Adding Additional Parties (Doc. 10), filed on June 21, 2011, to which
        no opposition was filed;

2)      A Motion to Remand (Doc. 11) filed by plaintiffs Pamela O. Clark and Daniel H.
        Clark on June 21, 2011, to which no opposition has been filed; and

3)      A Motion to Dismiss for Failure to State a Claim filed by Craig Mouney (Doc. 6)
        filed on June 13, 2011, to which no opposition was filed.

Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court is prepared
to rule.


### Background

This suit arises out of an accident which occurred on May 8, 2010, at the Embassy Suites
New Orleans Hotel when Pamela Clark, a patron of defendant Embassy Suites New Orleans
Hotel ("Felcor"), slipped and fell on chips that had apparently fallen from a snack bar located
inside the hotel.   She and her husband, Daniel H. Clark,  initially sued Felcor Lodging Trust
Incorporated, d/b/a/ Embassy Suites New Orleans Hotel ("Felcor"), Craig Mouney, the general
manager of the hotel ("Mouney"), as well as unknown employees and its unidentified insurer in

Civil District Court for the Parish of Orleans.  The Clarks are citizens of Delaware.  It was

alleged that Felcor was a foreign corporation doing business in New Orleans.  Mouney was

served on May 5, 2011 and Felcor was served on June 13, 2011.

On June 6, 2011, FelCor Lodging Trust, Inc., the allegedly correct name for the hotel

defendant, removed this suit on the basis of diversity **without** joining Craig Mouney in the

removal based on its contention that he had been fraudulently joined in order to destroy

diversity.  At that time, FelCor Lodging Trust, Inc. maintained that it was incorporated in the

state of Maryland, with its principal place of business in the State of Texas.  (Doc. 1, ¶ 5).


### Petitioners' Motion for Leave of Court to File First Supplemental and Amended Complaint Adding Additional Parties

The Clarks  filed a Motion for Leave to File First Supplemental and Amended Complaint

(Doc. 10).  In this motion, plaintiffs contend that having done more research in response to the

Answer filed by Felcor, it has determined that there are other proper defendants which are

DJONT operations, L.L.C. (DJONT) and FelCor/CSS Holdings, L.P. ("DelCor/CSS"). DJONT

is registered with the Secretary of State for the State of Louisiana as an active limited liability

company authorized to do business in Louisiana, with a domicile in Wilmington, Delaware.

FelCor/CSS is registered with the Secretary of State as an active limited partnership authorized

to do business in Louisiana, which is also domiciled in Delaware.   Furthermore, Felcor Lodging

Trust, Inc. ( the alleged correct defendant)  filed an Application for Withdrawal of a Foreign

Corporation/Limited Liability Company for the State of Louisiana dated December 27, 2005 and

notarized on December 29, 2005.  As such, that entity no longer transacts business in Louisiana

and has surrendered its authority to transact business in Louisiana.

2

In essence then, plaintiffs seek to amend their complaint to add the following parties:

a.   **Promus Hotels, LLC,** A Delaware limited liability company, authorized to and doing business in the State of Louisiana, Parish or Orleans, as the entity responsible for the management of the Embassy Suites Hotel at issue herein;

b.   **Felcor/CSS Holdings, L.P.,** a Delaware limited partnership and a subsidiary of Felcor Lodging Trust, Inc. authorized to do and doing business in the State of Louisiana; and

c.   **DJONT Operations, L.L.C.,** a Delaware limited liability company, authorized to do and doing business in the State of Louisiana.

No opposition to this motion was filed and finding the motion to have merit,

   **IT IS ORDERED** that Motion for Leave to File First Supplemental and Amended Complaint (Doc. 10) is **GRANTED**.

### Motion to Remand

On June 21, 2011, plaintiffs filed a Motion to Remand based on two contentions:

(1)   the notice of removal was procedurally defective because Craig Mouney did not join in or consent to the removal; and

(2)   with the addition of the Delaware companies, complete diversity  does not exist.

These contentions both appear to have merit.

   As noted above, Craig Mouney, who did not join in the removal, filed a Motion to Dismiss (Doc. 6)  based on the contention that there is no cause of action that lies against him personally because of his general responsibility for performance of some function of the

employment.  *Campbell v. Galloway*, 1991 WL 81702 (E.D.La. 5/10/91), *citing Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).  If that were true he would be considered a nominal defendant and would not have to have joined in the removal.

As stated in *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866 (5th Cir. 1991):

> [A]ll defendants who are properly joined and served must join in the removal petition, and ... failure to do so renders the petition defective." *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir.1988) (citations omitted); *see Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990). There is an exception to this general rule, however. "Nominal" or "formal" parties need not join in the removal petition. *See Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1123 (5th Cir.1987); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549–50 (5th Cir. Unit A Dec.1981); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N. Am.,* 427 F.2d 325, 327 (5th Cir.1970). To establish that non-removing parties are nominal parties, "the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *B., Inc.,* 663 F.2d at 549.

*Id.* at 871.  Mouney maintains that no cause of action lies against him.  However, that issue is not as clear cut as defendants seek to make it.

As stated by Judge Africk of this court in *Howard v. Wal-Mart Louisiana, LLC,* 2009 WL 981688 (E.D.La. April 19, 2009):

> The Fifth Circuit has cited the four-part test articulated in *Canter v. Koehring Co.,* 283 So.2d 716 (La.1973), for determining "whether individual liability may be established against an employee for breach of a duty imposed solely by reason of his employment or agency relationship." *In re 1994 Exxon Chemical Fire,* 558 F.3d at 385. *Canter* sets forth the test as follows:
>
> 1.  The principal or employer owes a duty of care to the third person ..., breach of which has caused the damage for which recovery is sought.
>
> 2.  This duty is delegated by the principal or employer to the defendant.

3.      The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4.      With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter v. Koehring Co.,* 283 So.2d 716, 721 (La.1973)

*Id.* at 2.  In the *Howard,* there were allegations of the individual employee failing to observe the hazardous condition, failing to warn patrons of that danger, failing to manage and supervise the Wal-Mart involved in the *Howard* case and failing to take all reasonable care and caution under all the circumstances.  Judge Africk found that these contentions demonstrated that there was a possibility of a recovery against the individual employee and remanded that case for lack of complete diversity.  *See also Cummins v. Wal-mart Corp.*, 1997 WL 52437 (E.D.La. Feb. 6, 1997): *LeBlanc v. Wal-Mart Stores, Inc.*, 1994 WL 715982 (E.D.La. Dec. 21, 1994): *Robertson v. Ward*, 1993 WL 35108 (E.D.La. Feb. 9, 2993).

In the instant petition, it is alleged that there was a free give-away of chips and dip and food setup at the Embassy Suites' snack bar.  In addition, free drinks were given to the guest

creating a "festive atmosphere."  Specifically, plaintiffs contend that the custodians and/or hostesses on duty were informed on multiple occasions by multiple patrons that chips and food were on the floor and did nothing to clean up the dangerous condition. (Petition ¶ 7).  Plaintiffs also contend that Pamela Clark was not warned of the hazardous debris on the floor.  They also allege that the operator of the hotel was responsible for the maintenance and upkeep of the areas located throughout the premises. (Petition ¶ 11).   Given all of these allegations, it is conceivable that  Mr. Mouney should have joined in the removal petition as he might not be considered a nominal defendant and the process was flawed.[1]

However, and more conclusively, it is clear that there is no complete diversity between plaintiffs who are Delaware citizens and defendants, three of which are also considered as citizens of Delaware for purposes of diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  As such, this Court has no jurisdiction to adjudicate this matter.  Accordingly, pursuant to 28 U.S.C. § 1447(c),

---

[1]The Court recognizes that generic allegations of fault are insufficient to establish that a non-diverse defendant was not fraudulently joined.  Thus plaintiffs are required to demonstrate a personal duty as to the employee.  *Harrod v. Zenon*, 2003 WL 21748687 (E.D.La. July 25, 2003) (Duval, J.) *citing Badon v. RJR Nabisco*, 236 F.3d 282, 286 (5th Cir. 2000).  However, because there is no diversity jurisdiction, the Court will not rule on the Motion to Dismiss.

**IT IS ORDERED** that the Motion to Remand is **GRANTED** and this case shall be

**REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 12th day of September, 2011.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**